IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | NO. A-11-CR-457 LY |
| § | |
| JEDEDIAH W. REGENWETHER § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on May 5, 2014, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

Mr. Regenwether was before the Court for a revocation proceeding 13 months ago, and in the undersigned's Report and Recommendation following that proceeding, the history of this case up to that point was set out and will not be repeated here.  *See* Dkt. No. 16.  In brief, Mr. Regenwether was sentenced to 135 months in prison and three years of supervised release for multiple bank robberies.  After a positive drug test for marijuana and amphetamine use, and then a DWI arrest. a revocation petition was filed.  Following a hearing, and despite evidence of the Defendant's failure to be honest with the Court and the Probation Office, the Court recommended

that Mr. Regenwether be given another chance to successfully complete his supervision. This was based on the significant progress that Mr. Regenwether had made toward becoming law abiding and productive, despite having spent most of his adult life in the federal penitentiary. Judge Yeakel adopted the recommendation, and the Defendant continued on supervision in April 2013. Dkt. No. 17.

Unfortunately, the last time Mr. Regenwether reported to his Probation Officer was on October 29, 2013.[1] In January 2014, the Probation Office learned that the Defendant had not lived at his reported residence for several months. Based on Mr. Regenwether having absconded from supervision, the Probation Office submitted a petition to the Court, and on February 7, 2014, the undersigned authorized the issuance of a warrant. After an anonymous tip it was learned thatMr, Regenwether was livign in Ames, Iowa, and on March 20, 2014, local police executed the probation warrant and arrested the Defendant. When the officers appeared at Regenwether's brother's residence, Regenwether attempted to flee, and was chased down by officers. This led to a conviction for the misdemeanor offense of interference with official acts, and a five-day sentence. Mr. Regenwether was then transferred to this Court, and arrived in Austin on April 25, 2014.

On May 5, 2014, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pled "True" to the Petition.

---

[1] Mr. Regenwether filed electronic monthly reports in November and December 2013, and February 2014, but did not indicate where he was residing, and did not physically report as required.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the petition.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Judge.

14. The Defendant violated conditions of his supervised release by: (1) failing to report as directed; and (2) failing to notify the Probation Office of a change in residence or employment.

## III. RECOMMENDATION

In its Report and Recommendation from last year, the Court stated that if "the District Judge adopts this recommendation, the Defendant will have been given a second chance," and "if the Defendant again violates, the Court will have no choice but to recommend the revocation of the Defendant's supervised release." Dkt. No. 16 at 6. Unfortunately, that is where we now find ourselves, given Mr. Regenwether's decision to abscond from supervision.

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is IV, resulting in an (advisory) guideline range of 6 to 12 months of imprisonment. Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 10 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v.*

*United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of May, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE